**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHSHAD RONEY,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SOUTH WOODS STATE PRISON, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 24-835 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-5.) Also before the Court is Plaintiff's motion seeking appointed counsel. (ECF No. 1-7.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety, and Plaintiff's motion denied without prejudice in light of the dismissal of his complaint.

I.  **BACKGROUND**

Plaintiff is a state prisoner confined to South Woods State Prison. (ECF No. 1 at 2.) In his complaint, Plaintiff contends that he was transferred within the prison on November 4, 2022, and in the process some of his property went missing which he has not recovered. (*Id.* at 7-8.) As he did not have his property, Plaintiff requested cleaning supplies so that he could have a shower, but ultimately was unable to shower for eight days. (*Id.*) As a result, Plaintiff developed a rash and infection which Plaintiff does not believe were properly treated by medical staff. (*Id.*) Plaintiff further alleges that he was "harassed" by multiple officers, was assaulted off camera by unspecified officers, and was the subject of rumors which have gotten him into fights and nearly stabbed. (*Id.* at 8.) Despite the inflammatory nature of these allegations, Plaintiff makes no effort to provide context or detail, he does not specifically allege how any given named Defendant was actually involved in any of these incidents, nor does he explain what the alleged assault was, nor what sort of harassment he was made to undergo. (*Id.*) Although Plaintiff attaches to his complaint several documents that appear to have been meant to provide a little context to his claims, these documents are self-censored and likewise fail to identify what Defendant was involved in which incident, nor do these documents clearly explain the alleged assault, or exactly what medical care Plaintiff believes was lacking in the treatment of his rash. (*See* ECF No. 1-3; 1-4.)

II.  **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §

2

1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In this matter, Plaintiff seeks to raise the following civil rights claims against a number of prison staff, the State of New Jersey, its Department of Corrections, and South Woods State Prison: a conditions of confinement claim related to lack of showers for eight days, an excessive force claim related to an unspecified assault, a denial of medical care claim related to his rash, and a harassment related claim. Each of these claims, however, suffers from the same key failing – Plaintiff fails in any way to clearly identify how each of the named individual Defendants was actually involved in the alleged wrongs. A defendant in a civil rights action, however, may not be held liable for the actions of its employees or subordinates on a *respondeat superior* basis, and must instead have personal involvement in the alleged wrongs to be held liable. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. As Plaintiff's complaint provides no more than conclusory allegations of wrongdoing and fails to identify how any of the individual named Defendants were involved in the alleged wrongs – i.e., the complaint does not specify what actions they took, what occurred, or how those actions were violative of Plaintiff's rights, Plaintiff has failed to state a claim for which relief may be granted as to any of the named individual Defendants. Plaintiff's claims against the individual named Defendants are therefore dismissed without prejudice for failure to state a claim at this time.

Plaintiff's claims against the state, prison, and Department of Corrections fare no better. States, their departments of corrections, and their prisons are not proper Defendants in a civil rights

4

matter, as state entities are both not persons and are in any event entitled to Eleventh Amendment immunity. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the State of New Jersey, the N.J. Department of Corrections, and South Woods State Prison must therefore be dismissed with prejudice.

Finally, Plaintiff has filed in this matter a request for appointed counsel. (ECF No. 1-7.) Although civil plaintiffs have no right to the appointment of counsel in civil rights matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Although Plaintiff has established his indigence in this matter, his claims currently before the Court fail to state a claim for which relief may be granted for the reasons set forth above, and Plaintiff's current claims are thus not of sufficient merit to warrant the appointment of counsel. Plaintiff's motion seeking appointment of counsel is therefore denied without prejudice.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-5) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED** in its entirety, Plaintiff shall be granted leave to file an amended complaint within thirty days, and Plaintiff's motion seeking appointed counsel (ECF No. 1-7) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge